# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Lori Ann Nikoleyczik aka Lori Triano, aka Lori A. Triano, aka Lori A. Nikoleyczik, aka Lori A. Trovato, aka Lori Nikoleyzcik, aka Loriann Georges, aka Lori A. Georges, aka Loriann A. Trovato, aka Lori Trovato, aka Lori Ann Trovato, aka Lori Georges<br>Jeffrey Donald Nikoleyczik aka Jeffrey Nikoleyczik, aka Jeffrey D. Nikoleyczik<br>            Debtors | CHAPTER 13<br><br><br>NO. 16-17350 REF |
| HomeBridge Financial Services, Inc.<br>            Movant<br>vs. | 11 U.S.C. Section 362 |
| Lori Ann Nikoleyczik aka Lori Triano, aka Lori A. Triano, aka Lori A. Nikoleyczik, aka Lori A. Trovato, aka Lori Nikoleyzcik, aka Loriann Georges, aka Lori A. Georges, aka Loriann A. Trovato, aka Lori Trovato, aka Lori Ann Trovato, aka Lori Georges<br>Jeffrey Donald Nikoleyczik aka Jeffrey Nikoleyczik, aka Jeffrey D. Nikoleyczik<br>            Debtors<br><br>Frederick L. Reigle Esq.<br>            Trustee | |

## **STIPULATION**

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1. The post-petition arrearage on the mortgage held by the Movant on the Debtors' residence is **$10,858.82** which breaks down as follows;

| | |
|---|---|
| Post-Petition Payments: | August 1, 2017 to December 1, 2017 at $1,208.18/month<br>January 1, 2018 to April 1, 2018 at $1,204.48/month |
| **Total Post-Petition Arrears** | **$10,858.82** |

2. The Debtor shall cure said arrearages in the following manner:

    a). Movant shall file an Amended or Supplemental Proof of Claim to include the post-petition arrears of **$10,858.82** along with the pre-petition arrears.

    b). The new 410A form for a Proof of Claim shall not be required for this Amended or Supplemental Proof of Claim.

    c). Within seven (7) days of the filing of the Stipulation, Debtor shall file an Amended Chapter 13 Plan to include the post-petition arrears of $10,858.82.

3. Beginning with the payment due May 1, 2018 and continuing thereafter, Debtors shall pay to Movant the present regular monthly mortgage payment of $1,204.48 (or as adjusted pursuant to the terms of the mortgage) on or before the first (1st) day of each month (with late charges being assessed after the 15th of the month).

4. Should Debtors provide sufficient proof of payments made, but not credited (front & back copies of cancelled checks and/or money orders), Movant shall adjust the account accordingly.

5. In the event the payments under Section 3 above are not tendered pursuant to the terms of this stipulation, Movant shall notify Debtors and Debtors' attorney of the default in writing and the Debtors may cure said default within FIFTEEN (15) days of the date of said notice. If Debtors should fail to cure the default within fifteen (15) days, Movant may file a Certification of Default with the Court and the Court shall enter an Order granting Movant immediate relief from the automatic stay and waiving the stay provided by Bankruptcy Rule 4001(a)(3).

6. If the case is converted to Chapter 7, Movant shall file a Certification of Default with the Court and the Court shall enter an order granting Movant relief from the automatic stay.

7. If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

8. The provisions of this stipulation do not constitute a waiver by Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

9. The parties agree that a facsimile signature shall be considered an original signature.

Date: April 25, 2018 By: /s/ Rebecca A. Solarz, Esquire
Rebecca A. Solarz, Esquire
Attorney for Movant

Date: May 4, 2018

_____
J. Zac Christman
Attorney for Debtors

Date: 5/8/18

_____ for
Frederick L. Reigle
Chapter 13 Trustee

Approved by the Court this _____ day of _____, 2018. However, the court retains discretion regarding entry of any further order.

_____
Bankruptcy Judge
Richard E. Fehling