# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re: **JEFFREY DONALD NIKOLEYCZIK**, aka | : | Chapter 13 |
| Jeffrey D. Nikoleyczik, aka | : | Case No. **16-17350-pmm** |
| Jeffrey Nikoleyczik, and | : | |
| **LORI ANN NIKOLEYCZIK**, aka | : | |
| Lori A. Nikoleyczik, aka Lori Nikoleyczik, aka | : | |
| Lori A. Georges, aka Lori Georges, aka | : | |
| Loriann Georges, aka Lori Ann Trovato, aka | : | |
| Lori A. Trovato, aka Lori Trovato, aka Lori A. | : | |
| Triano, aka Lori A. Trovato, aka Lori Triano, | : | |
| Debtors | : | |

## Chapter 13 Plan

☐ Original
☑ **5th** Amended

Date: November 2, 2020

**THE DEBTOR HAS FILED FOR RELIEF
UNDER CHAPTER 13 OF THE BANKRUPTCY CODE**

**YOUR RIGHTS WILL BE AFFECTED**

You should have received from the court a separate Notice of the Hearing on Confirmation of Plan, which contains the date of the confirmation hearing on the Plan proposed by the Debtor. This document is the actual Plan proposed by the Debtor to adjust debts. You should read these papers carefully and discuss them with your attorney. **ANYONE WHO WISHES TO OPPOSE ANY PROVISION OF THIS PLAN MUST FILE A WRITTEN OBJECTION** in accordance with Bankruptcy Rule 3015 and Local Rule 3015-4. **This Plan may be confirmed and become binding, unless a written objection is filed.**

**IN ORDER TO RECEIVE A DISTRIBUTION UNDER THE PLAN, YOU
MUST FILE A PROOF OF CLAIM BY THE DEADLINE STATED IN THE
NOTICE OF MEETING OF CREDITORS.**

### Part 1: Bankruptcy Rule 3015.1(c) Disclosures

☑ Plan contains non-standard or additional provisions – see Part 9
☐ Plan limits the amount of secured claim(s) based on value of collateral – see Part 4
☐ Plan avoids a security interest or lien – see Part 4 and/or Part 9

1

**Part 2: Plan Payment, Length and Distribution –** *PARTS 2(c) & 2(e) MUST BE COMPLETED IN EVERY CASE*

§ 2(a)(1) Initial Plan:

**Total Base Amount to be paid to the Chapter 13 Trustee ("Trustee") $ N/A**
Debtor shall pay the Trustee **$ N/A** per month for  N/A  months; and
Debtor shall pay the Trustee $ N/A  per month for $ N/A   months.

☐ Other changes in the scheduled plan payment are set forth in § 2(d)

§ 2(a)(2) Amended Plan:

**Total Base** Amount to be paid to the Chapter 13 Trustee ("Trustee") **$ 24,340**

The Plan payments by Debtor shall consists of the total amount previously paid (**$ 18,472**) added to the new monthly Plan payments in the amount of **$ 163** beginning (date) **November 15, 2020**  for **36** months (**$5,868**).

☐ Other changes in the scheduled plan payments are set forth in § 2(d)

§ 2(b)    Debtor shall make plan payments to the Trustee from the following sources in addition to future wages (Describe source, amount and date when funds are available, if known):  **N/A**

§ 2(c)    **Alternate treatment of secured claims**:
☐    **None.** If "None" is checked, the rest of 2(c) need not be completed.

☐    **Sale of real property**
See § 7(c) **Sale of real property** below for detailed description

☑    **Loan modification with respect to mortgage encumbering property**:
See § 4(f) below for detailed description

§ 2(d) Other information that may be important relating to the payment and length of Plan:
**N/A**

§ 2(e) Estimated Distribution:
A. Total Priority Claims (Part 3)

| | |
|---|---|
| 1. Unpaid attorney's fees | **$ 7,500** |
| 2. Unpaid attorney's costs | **$ 89.70** |
| 3. Other priority claims (e.g., priority taxes) | **$ 6,410.92** |
| B. Total distribution to cure defaults (§ 4(b)) | **$ 7,786.88** |
| C. Total distribution on secured claims (§§ 4(c) &(d)) | **$ 0** |

    D. Total distribution on unsecured claims (Part 5)     **$ 3.30**

                                                     Subtotal     **$ 21,790.80**

    E. Estimate Trustee's Commission     **$ 2,421.20**

    F. Base Amount     **$ 24,212**

## Part 3: Priority Claims (Including Administration Expenses & Debtor's Counsel Fees)

**§ 3(a)** Except as provided in § 3(b) below, all allowed priority claims will be paid in full unless the creditor agrees otherwise:

| Creditor | Type of Priority | Estimated Amount to be Paid |
|---|---|---|
| **PA Dep't of Revenue** | **Section 507(a)(8) tax** | $ 121.81 |
| **US Internal Revenue Service** | **Section 507(a)(8) tax** | $ 6,289.11 |

**§ 3(b)** Domestic Support obligations assigned or owed to a governmental unit and paid less than full amount.

☑ **None.** If "None" is checked, the rest of § 3(b) need not be completed.

## Part 4: Secured Claims

**§ 4(a) Secured claims not provided for by the Plan:**

☑ **None.** If "None" is checked, the rest of § 4(a) need not be completed.

**§ 4(b) Curing Default and Maintaining Payments**

☐ **None.** If "None" is checked, the rest of § 4(b) need not be completed.

The Trustee shall distribute an amount sufficient to pay allowed claims for prepetition arrearages; and, Debtor shall pay directly to creditor monthly obligations falling due after the bankruptcy filing in accordance with the parties' contract.

| Creditor | Description of Secured Property and Address, if real property | Regular Monthly Payment to be paid directly to creditor | Estimated Arrearage | Interest Rate on Arrearage, if applicable | Amount to be Paid to Creditor by the Trustee |
|---|---|---|---|---|---|
| **Homebridge/ Cenlar/ Shellpoint** | **1st Mortgage secured by Debtors' residence at 2346 Main St., Northampton, Northampton County, PA** | **$1,317.27** | **$ 4,702.10 (paid via prior Plan)** | **0%** | **$ 4,702.10 (paid via prior Plan)** |
| **M&T Bank** | **2013 Kia Sorrento** | **$ 604.92** | **$ 3,084.78 (per Stipulation)** | **0%** | **$ 3,084.78** |
| **ESSA Bank & Trust** | **2014 Chevrolet Cruz** | **$ 400.25** | **$ 0** | **N/A** | **$ 0** |

**§ 4(c) Allowed secured claims to be paid in full: based on proof of claim or pre-Confirmation Determination of the Amount, Extent or Validity of the Claim**
☑ **None.** If "None" is checked, the rest of § 4(c) need not be completed.

**§ 4(d) Allowed secured claims to be paid in full that are excluded from 11 U.S.C. § 506**
☑ **None.** If "None" is checked, the rest of § 4(d) need not be completed.

**§ 4(e) Surrender**
☑ **None.** If "None" is checked, the rest of § 4(e) need not be completed.

**§ 4(f) Loan Modification**
☐ **None.** If "None" is checked, the rest of § 4(f) need not be completed.

(1)  Debtor shall pursue a loan modification directly with **Shellpoint Mortgage Servicing** or its successor in interest or its current servicer ("Mortgage Lender"), in an effort to bring the loan current and resolve the secured arrearage claim.

(2) During the modification application process, Debtor shall make adequate protection payments directly to Mortgage Lender in the amount of $ N/A/ (complete)  per month, which represents  N/A/ (complete) (*describe  basis of adequate protection payment*).  Debtor shall remit the adequate protection payments directly to the Mortgage Lender.

(3)  If the modification is not approved by N/A (Motion is pending)  (date), Debtor shall either (A) file an amended Plan to otherwise provide for the allowed claim of the Mortgage Lender; or (B) Mortgage Lender may seek relief from the automatic stay with regard to the collateral and Debtor will not oppose it.

**Part 5: Unsecured Claims**

### § 5(a) Specifically classified allowed unsecured non-priority claims
☒ **None.** If "None" is checked, the rest of § 5(a) need not be completed.

### § 5(b) Timely filed unsecured non-priority claims
(1) Liquidation Test *(check one box)*
☒ All Debtor(s) property is claimed as exempt.
☐ Debtor(s) has non-exempt property valued at $ for purposes of § 1325(a)(4) and plan provides for distribution of **$_____** to allowed priority and unsecured general creditors.

(2) Funding: § 5(b) claims to be paid as follows *(check one box)*:
☒  Pro rata
☐ 100%
☐ Other (Describe)

**Part 6: Executory Contracts & Unexpired Leases**

☒ **None.** If "None" is checked, the rest of § 6 need not be completed.

**Part 7: Other Provisions**

### § 7(a) General Principles Applicable to The Plan
(1) Vesting of Property of the Estate *(check one box)*
☒ Upon confirmation
☐ Upon discharge

(2) Unless otherwise ordered by the court, the amount of a creditor's claim listed in its proof of claim controls over any contrary amounts listed in Parts 3, 4 or 5 of the Plan.

(3) Post-petition contractual payments under § 1322(b)(5) and adequate protection payments under § 1326(a)(1)(B),(C) shall be disbursed to the creditors by the Debtor directly. All other disbursements to creditors shall be made by the Trustee.

(4) If Debtor is successful in obtaining a recovery in a personal injury or other litigation in which Debtor is the plaintiff, before the completion of plan payments, any such recovery in excess of any applicable exemption will be paid to the Trustee as a special Plan payment to the extent necessary to pay priority and general unsecured creditors, or as agreed by the Debtor and the Trustee and approved by the court.

**§ 7(b) Affirmative duties on holders of claims secured by a security interest in debtor's principal residence**

(1) Apply the payments received from the Trustee on the pre-petition arrearage, if any, only to such arrearage.

(2) Apply the post-petition monthly mortgage payments made by the Debtor to the post-petition mortgage obligations as provided for by the terms of the underlying mortgage note.

(3) Treat the pre-petition arrearage as contractually current upon confirmation for the Plan for the sole purpose of precluding the imposition of late payment charges or other default-related fees and services based on the pre-petition default or default(s). Late charges may be assessed on post-petition payments as provided by the terms of the mortgage and note.

(4) If a secured creditor with a security interest in the Debtor's property sent regular statements to the Debtor pre-petition, and the Debtor provides for payments of that claim directly to the creditor in the Plan, the holder of the claims shall resume sending customary monthly statements.

(5) If a secured creditor with a security interest in the Debtor's property provided the Debtor with coupon books for payments prior to the filing of the petition, upon request, the creditor shall forward post-petition coupon book(s) to the Debtor after this case has been filed.

**(6) Debtor waives any violation of stay claim arising from the sending of statements and coupon books as set forth above.**

**§ 7(c) Sale of Real Property**
☒ **None.** If "None" is checked, the rest of § 7(c) need not be completed.

## Part 8: Order of Distribution

**The order of distribution of Plan payments will be as follows:**

| Level | Description | Amount |
|---|---|---|
| Level 1: | Trustee Commissions* | $ 2,421.20 |
| Level 2: | Domestic Support Obligations | $ 0 |
| Level 3: | Adequate Protection Payments | $ 0 |
| Level 4: | Debtor's attorney's fees/costs | $ 7,589.70 |
| Level 5: | Priority claims, pro rata | $ 6,410.92 |
| Level 6: | Secured claims, pro rata | $ 7,786.88 |
| Level 7: | Specially classified unsecured claims | $ 0 |
| Level 8: | General unsecured claims | $ 3.30 |
| Level 9: | Untimely filed, allowed general unsecured claims | $ 0 |
| | TOTAL: | $ 24,212 |

*Percentage fees payable to the standing trustee will be paid at the rate fixed by the United States Trustee not to exceed ten (10) percent.*

## Part 9: Non Standard or Additional Plan Provisions

Under Bankruptcy Rule 3015.1(e), Plan provisions set forth below in Part 9 are effective only if the applicable box in Part 1 of this Plan is checked. Nonstandard or additional plan provisions placed elsewhere in the Plan are void.

☐ **None.** If "None" is checked, the rest of § 9 need not be completed.

**A.** This Chapter 13 Plan ("this Plan") provides a distribution chart in Part 8 above that provides estimated distributions to classes of creditors and the Trustee, in addition to all information indicated by the Model Plan. The amounts to be paid in Part 8 are estimated.

## Part 10: Signatures

By signing below, attorney for Debtor(s) or unrepresented Debtor(s) certifies that this Plan contains no nonstandard or additional provisions other than those in Part 9 of the Plan.

Date:  November 2, 2020                /s/ J. Zac Christman
                                       J. Zac Christman, Esquire, Attorney for Debtor(s)

　　If Debtor(s) are unrepresented, they must sign below.

Date:  November 2, 2020                /s/ Jeffrey Donald Nikoleyczik
                                       **JEFFREY DONALD NIKOLEYCZIK**, Debtor

Date:  November 2, 2020                /s/ Lori Ann Nikoleyczik
                                       **LORI ANN NIKOLEYCZIK**, Joint Debtor